IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, and PETER SPALLUTO, Individually,<br><br>            Plaintiffs,<br><br>v.<br><br>MERCURY HUNTINGTON CORP., as Trustee of Colonnade Trust, a Massachusetts Nominee Trust, under Declaration of Trust Dated October 16, 1969, as amended,<br><br>            Defendant. | CIVIL ACTION NO.: 04-12239-RCL<br><br>AMENDMENT TO MOTION TO ADMIT COUNSEL PRO HAC VICE |

COMES NOW, the undersigned counsel for the Plaintiffs, and file the following Amendment to the Motion to Admit Counsel Pro Hac Vice seeking Pro Hac Vice admission for attorney John Fuller and state:

1- On January 12, 2005, the undersigned attorneys filed a Motion to Admit Counsel Proc Hac Vice seeking Pro Hac Vice admission for attorney John Fuller.

2- In the Motion, the undersigned counsel certified that counsel for the Plaintiffs had confirmed with opposing counsel and opposing counsel had assented to the Motion.

3- John Fuller, of The Law Firm of Fuller, Fuller & Associates, P.A. received on January 19, 2005 the attached letter from Defendants attorney, Sheila O'Leary of Foley and Hoag, LLP., apparently contesting that she consented to the Motion Pro Hac Vice.

4-  Attorney John Fuller spoke with Tracie Dickerson of The Law Firm of Fuller, Fuller & Associates, P.A. on January 20, 2005, and Ms. Dickerson, who is out of town on company business, reiterated that it was her impression that Ms. O'Leary had consented to the Motion.

5-  In any case, the undersigned law firm advises the Court that apparently there was some misunderstanding in regard to the position of The Law Firm of Foley & Hoag, LLP. in regard to said Motion.

6-  The undersigned attorney upon receipt of the attached letter, contacted Ms. O'Leary to clarify their firm positions on the matter, but have not received a response from her.

Respectfully Submitted,

FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami FL 33181
Tel. 305-891-5199

By: *O. Oliver Wragg* w/ express permission
O. Oliver Wragg, Esquire BBO# 643152
John P. Fuller, Esquire FLBar#027847

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by e-mail on January 20, 2005, to:

Sheila O'Leary, Esq.
**SOLeary@FoleyHoag.com**
Foley & Hoag, LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

                                     FULLER, FULLER & ASSOCIATES, P.A.
                                     12000 Biscayne Blvd., Suite 609
                                     North Miami FL 33181
                                     Tel. 305-891-5199; Tel: (305) 463-6570 - Brwd
                                     Fax 305-893-9505

                                     By: _O. Oliver Wragg_ w/ express permission
                                         O. Oliver Wragg, Esquire BBO# 643152
                                         John P. Fuller, Esquire FLBar#027847

3631 / AMENDMENT MTN TO ADMIT COUNSEL PRO HAC VICE.wpd

**FOLEY HOAG** LLP
ATTORNEYS AT LAW

JAN 2 0 2005

36 31

Sheila O'Leary
Boston Office
617-832-3044
soleary@foleyhoag.com

January 19, 2005

**Via Facsimile 305-893-9505 and U.S. Mail**

John Fuller
Fuller, Fuller and Assoc., P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181

      Re:    Access 4 All, Inc. and Peter Spalluto v. Mercury Huntington Corp.
              Civil Action No. 04-12339

Dear Mr. Fuller:

      I am writing to address a serious concern with your Motion for Pro Hac Vice, filed with the Court on this date. You state in your Motion that you "conferred with opposing counsel and opposing counsel has assented to the foregoing motion." Those statement are false. You never conferred with me or Barbara Hamelburg as to whether we assented to your Motion.

      When your paralegal, Tracie Dickerson, contacted me by e-mail on December 30, 2004 about the Motion, I asked her to forward the Motion to me and that we would then make a determination as to whether or not we would assent. However, neither of you ever forwarded the Motion to us for review.

      I am going to assume that the misrepresentations in your Motion are either the result of miscommunications with your paralegal and/or inadvertence. Regardless, it is imperative that the Court be put on notice of these misrepresentations. I am therefore requesting that you promptly inform the Court of the misrepresentations, or we will be required to do so.

      Thank you for your prompt attention to this matter.

                                      Very truly yours,

                                      Sheila O'Leary

FHBOSTON/1158822.1

John Fuller
January 19, 2005
Page 2

cc:    Barbara S. Hamelburg, Esq.

FHBOSTON/1158822.1