UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida not for profit corporation, and PETER SPALLUTO, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>MERCURY HUNTINGTON CORP., as Trustee of Colonnade Trust, a Massachusetts Nominee Trust, under Declaration, of Trust dated October 16, 1969, as amended,<br><br>Defendant. | CIVIL ACTION NO. 04-12239-RCL |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Mercury Huntington Corp. ("Mercury" or the "Hotel") hereby moves to dismiss Plaintiffs Access 4 All, Inc. ("Access 4 All") and Peter Spalluto's ("Spalluto") (collectively referred to as "Plaintiffs") First Amended Complaint.

Plaintiffs filed a Complaint on or about October 25, 2004, alleging that the Hotel violated Title III of the Americans with Disabilities Act (the "ADA"). On December 29, 2004, Mercury filed a Motion to Dismiss Plaintiffs' Complaint on the grounds that Plaintiffs lacked standing to bring their action, had not established a prima facie case of discrimination and had exhibited a lack of good faith in pursuing the action by making vague and inaccurate allegations. Plaintiffs subsequently filed a First Amended Complaint and an Opposition to Mercury's Motion to Dismiss, on January 18 and 20, 2005.

Mercury hereby re-states, incorporates by reference and extends its Motion to Dismiss to Plaintiffs' First Amended Complaint because the deficiencies identified in the Motion have not

been cured by Plaintiffs' First Amended Complaint. The Amended Complaint still contains vague, boilerplate allegations that lack specificity, to which Mercury cannot respond, and false allegations which do not accurately identify the Hotel's facilities and amenities. See Section 3 of Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss, filed on December 29, 2004.

Plaintiffs are seeking the extraordinary remedy of injunctive relief (and attorneys' fees), yet have failed to give Mercury the information necessary to assess Plaintiffs' claims. If Plaintiffs' concern is putting Mercury on notice of purported violations and giving it sufficient information so that the Hotel can investigate and, if necessary, remedy the purported violations, Plaintiffs need to provide those details in their Complaint. In sum, Plaintiffs' Amended Complaint does not cure the deficiencies identified in Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Mercury Huntington Corp. respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice.

MERCURY HUNTINGTON CORP.

By its attorneys,

*Sheila O'Leary*

Barbara S. Hamelburg, BBO #218670
Sheila O'Leary, BBO #654920
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: January 27, 2005

## Certificate of Service

I, Sheila O'Leary, hereby certify that on January 27th, 2005, I served a copy of the foregoing document by first class mail, postage prepaid, upon O. Oliver Wragg, Esq., FULLER, FULLER & ASSOCIATES, PA, 12000 Biscayne Blvd., Suite 609, North Miami, FL 33181

_____
Sheila O'Leary