FILED
UNITED STATES DISTRICT COURT OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2005 FEB -9 P 12: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

ACCESS 4 ALL, INC., a Florida not for )
profit corporation, and )
PETER SPALLUTO, Individually, )
)
        Plaintiffs, )
)
        v. )    CIVIL ACTION NO. 04-12239-RCL
)
MERCURY HUNTINGTON CORP., )
as Trustee of Colonnade Trust, a Massachusetts )
Nominee Trust, under Declaration, of Trust )
dated October 16, 1969, as amended, )
)
        Defendant. )
_____)

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Mercury Huntington Corp. ("Mercury" or

the "Hotel") hereby moves to dismiss Plaintiffs Access 4 All, Inc. ("Access 4 All") and Peter

Spalluto's ("Spalluto") (collectively referred to as "Plaintiffs") First Amended Complaint.

Plaintiffs filed a Complaint on or about October 25, 2004, alleging that the Hotel violated

Title III of the Americans with Disabilities Act (the "ADA"). On December 29, 2004, Mercury

filed a Motion to Dismiss Plaintiffs' Complaint on the grounds that Plaintiffs lacked standing to

bring their action, had not established a prima facie case of discrimination and had exhibited a

lack of good faith in pursuing the action by making vague and inaccurate allegations. Plaintiffs

subsequently filed a First Amended Complaint and an Opposition to Mercury's Motion to

Dismiss, on January 18 and 20, 2005.

Mercury hereby re-states, incorporates by reference and extends its Motion to Dismiss to

Plaintiffs' First Amended Complaint because the deficiencies identified in the Motion have not

been cured by Plaintiffs' First Amended Complaint. The Amended Complaint still contains vague, boilerplate allegations that lack specificity, to which Mercury cannot respond, and false allegations which do not accurately identify the Hotel's facilities and amenities. See Section 3 of Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss, filed on December 29, 2004, attached hereto as Exhibit A.

Plaintiffs are seeking the extraordinary remedy of injunctive relief (and attorneys' fees), yet have failed to give Mercury the information necessary to assess Plaintiffs' claims. If Plaintiffs' concern is putting Mercury on notice of purported violations and giving it sufficient information so that the Hotel can investigate and, if necessary, remedy the purported violations, Plaintiffs need to provide those details in their Complaint. In sum, Plaintiffs' Amended Complaint does not cure the deficiencies identified in Defendant's Motion to Dismiss.

CONCLUSION

For the foregoing reasons, Defendant Mercury Huntington Corp. respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice.


MERCURY HUNTINGTON CORP.


By its attorneys,

Barbara S. Hamelburg, BBO #218670
Sheila O'Leary, BBO #654920
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: February __ 2005

## DISTRICT OF MASSACHUSETTS LOCAL RULE 7.1 CERTIFICATION

I certify that Defendant Mercury Huntington Corp. conferred with Plaintiffs on the above-captioned matter and attempted in good faith to resolve or narrow the issues raised by this motion.

Sheila O'Leary

## Certificate of Service

I, Sheila O'Leary, hereby certify that on February 9, 2005, I served a copy of the foregoing document by first class mail, postage prepaid, upon O. Oliver Wragg, Esq., FULLER, FULLER & ASSOCIATES, PA, 12000 Biscayne Blvd., Suite 609, North Miami, FL 33181

Sheila O'Leary



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACCESS 4 ALL, INC., a Florida not for profit corporation, and PETER SPALLUTO, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-12239-RCL |
| MERCURY HUNTINGTON CORP., as Trustee of Colonnade Trust, a Massachusetts Nominee Trust, under Declaration, of Trust dated October 16, 1969, as amended, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT MERCURY HUNTINGTON CORP.'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Mercury Huntington Corp. ("Mercury" or the "Hotel") hereby moves to dismiss the Complaint of Plaintiffs' Access 4 All, Inc. ("Access 4 All") and Peter Spalluto ("Spalluto") in its entirety, with prejudice.

### INTRODUCTION

In their Complaint, Plaintiffs allege that the Hotel violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and they seek injunctive relief, attorney's fees, litigation expenses and costs. The Complaint alleges that Spalluto is an individual residing in Florida and that he qualifies as an individual with disabilities as defined by the ADA, that he has visited the Hotel's property and that he plans to return to the property. The Complaint further alleges that Spalluto is a member of Access 4 All, a not for profit corporation formed under the laws of Florida whose members include individuals with disabilities as defined by the ADA. The Complaint contains a list of purported violations of the ADA.

FHBOSTON/1147551.2

However, the Complaint is silent as to the nature of Spalluto's disability, when he visited the Hotel's property and when he intends to return to the property.  The Complaint is also silent as to how Spalluto and Access 4 All have been injured by the purported violations.  In particular, the Complaint fails to allege that either Plaintiff was denied access to any part of the Hotel, was unable to use a specific amenity or faced any particular denial of access.  Therefore, Spalluto and Access 4 All have failed to show how they have been injured.  The Complaint should therefore be dismissed in its entirety with prejudice, because Plaintiffs do not have standing to assert this claim.  The Complaint should also be dismissed because Spalluto has not identified how he is disabled and he thereby fails to assert a prima facie case of discrimination.

The Complaint should be dismissed for the additional reason that Plaintiffs have exhibited a lack of good faith in bringing this action by, among other things, making vague, boilerplate allegations that lack specificity and making false allegations against the Hotel that have no basis in fact.  Moreover, Plaintiffs made no effort, prior to filing this action, to give notice to either the Hotel or the Massachusetts agency authorized to deal with public accommodation issues of the purported violations, to avoid the necessity of litigation.

I.    The Court Should Dismiss Plaintiffs' Complaint For Lack Of Standing.

In considering a motion to dismiss, the Court will accept as true all of the factual allegations contained in the complaint but it is not proper to assume that a plaintiff can prove any fact that he or she has not alleged.  See Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  Further, when confronted with a 12(b)(6) motion, the Court must consider the allegations of *fact* contained in the complaint but should not consider conclusory recitations of law.  See Pennsylvania ex. rel. Zimmerman v.

PepsiCo, Inc., 836 F.2d 173, 179 (3d Cir. 1988) (emphasis added). Here, Plaintiffs do not allege sufficient facts for the Court to conclude that they have standing to pursue their claim.

A.    Plaintiffs Have Failed To Establish That They Have Standing To Pursue This Claim.

Federal courts are confined by Article III of the United States Constitution to decide only actual cases or controversies and standing is a threshold question in every case requiring courts to determine whether plaintiffs have alleged such a personal stake in the outcome of the controversy as to warrant invocation of federal court jurisdiction. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975). Courts are therefore required to determine whether plaintiffs are entitled to have the court decide the merits of the dispute, an inquiry which involves both constitutional limitations on federal court jurisdiction and prudential limits on its exercise, and the rules of standing are threshold determinations of the propriety of judicial intervention. Id. at 498, 518. A review of Plaintiffs' Complaint reveals that Plaintiffs have failed to allege facts sufficient to establish that they have standing to pursue their claim.

B.    Plaintiffs Lack Standing To Bring This Complaint As They Have Not Alleged Sufficient Injury.

Plaintiffs lack standing to bring this claim as they have not alleged a concrete injury. In order for a federal court to properly exercise jurisdiction, plaintiffs must establish the following fundamental elements to prove they have standing: (1) injury in fact, which is an invasion of a legally protected interest, which is concrete and particularized, and actual or imminent and not conjectural; (2) a causal connection between the injury and the conduct complained of; and (3) a showing that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (explaining that these elements are not mere pleading requirements but rather an indispensable part of plaintiff's case and each element must be supported with the manner and

degree of evidence required at the successive stages of litigation). Thus, plaintiffs must establish standing for each claim and for each form of relief sought. See Adarand Constructors, Inc. v. Peña, 515 U.S. 200, 210-11 (1995).

Furthermore where, as here, Plaintiffs seek injunctive relief, they must demonstrate a "real and immediate threat" of injury in order to satisfy the "injury in fact" requirement. "Some day" intentions of future harm -- without any description of concrete plans, or indeed any speculation of when the someday will be -- do not support a finding of the actual injury. See Lujan, 504 U.S. at 564 (holding that intent to return was not sufficient to establish an "actual or imminent" injury). An allegation of an abstract injury is not enough because the injury or threat of injury must be both real and immediate and not conjectural or hypothetical. See Dudley v. Hannaford Bros. Co., 333 F.3d 299, 306 (1st Cir. 2003).

### 1. Spalluto Has Failed To Establish An Injury In Fact.

Plaintiff Spalluto has failed to satisfy the standing requirements because he has not shown that he has suffered an injury in fact. The requirement that a plaintiff's injury be concrete and particularized means that the injury must be personal to the plaintiff, and must be distinct and palpable as opposed to merely abstract. See Lujan, 504 U.S. at 560 & n.1. Spalluto has failed to identify when he visited the Hotel's property, and how the purported ADA violations listed in the Complaint caused him injury. In particular, Spalluto has not alleged that the purported violations made the Hotel or any of its facilities or amenities inaccessible to him. By way of example, Spalluto alleges that there are "an insufficient number of (parking) spaces for disabled use," but does not allege that this personally caused him harm. The ultimate burden of proving "injury in fact" rests with the plaintiffs. See Munoz-Mendoza v. Pierce, 711 F.2d 421, 425 (1st Cir. 1983) citing NAACP v. Harris, 607 F.2d 514, 526 (1st Cir. 1979). And where the

injury is not obvious, the plaintiff must plead its existence in the complaint with a fair degree of specificity. See Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26 (1976); United States v. Students Challenging Regulatory Agency Procedures, 412 U.S. 669, 688-89 (1973). Here, injury is not obvious and Spalluto has completely failed to identify which purported violations caused him harm.

Caselaw is clear that it is not enough for a plaintiff alleging a violation of Title III to merely allege that a premise was inaccessible, without specifically alleging how the purported inaccessibility caused injury. See Frotton v. Barkan, 236 F. Supp. 2d 92, 97-98 (D. Mass. 2002) (finding that plaintiffs' allegations that they had encountered architectural and access barriers were too amorphous and ethereal to show an actual, particularized injury, even where plaintiffs alleged that they were wheelchair bound when they had visited the defendant's premises and that they intended to return).

The most detailed description of any sort of injury appears in paragraphs 12 and 13 of Plaintiffs' Complaint which allege only that Spalluto "has encountered architectural barriers at the subject property, " that the barriers have endangered his safety, and that they "have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA." (Pls' Complaint, ¶¶ 12-14). The Complaint further states that "[a] preliminary inspection of Colonnade Hotel has shown that violations exist." (Pls' Complaint, ¶ 19). The Complaint lists a number of purported violations of the ADA, including "recreational areas for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG" and "there is an ATM provided for public use that does not comply with the requirements of Section 4.34 of the ADAAG." Pls' Complaint, ¶ 19.[1]

---

[1] As discussed below, in Section III, there is no ATM on the Hotel's premises.

However, absent from the Complaint is any factual allegation that Spalluto was denied access to a specific facility, was unable to access a particular area, was unable to use a specific amenity or that he faced any particular denial of access. Therefore, Plaintiffs' Complaint shares the same flaws as the Plaintiffs' claims did in <u>Frotton</u>, in which the Court held that plaintiffs had not satisfactorily established that they had been injured. <u>See</u> <u>Frotton v. Barkan</u>, 236 F. Supp. 2d at 97-98.

> 2.   Spalluto Has Also Failed To Show That He Is Likely To Experience A Future Harm.

Spalluto lacks standing to pursue this claim for the additional reason that he has failed to establish a likelihood of future injury. In order to show an injury in fact in the context of a request for injunctive relief, Plaintiffs must also show an actual impending threat of harm. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-05 (1983). The Complaint does not establish that Spalluto has a practice of patronizing the Hotel, nor does it establish that Spalluto will have occasion to visit the Hotel, let alone the city of Boston, in the future. <u>Cf.</u> <u>Clark v. Burger King Corp.</u>, 255 F. Supp. 2d 334 (D. N.J. 2003) (where plaintiff's past patronage at the restaurants and the restaurants' close proximity to his home established a likelihood of future injury based on a reasonable desire to return to those particular restaurants).

In sum, Plaintiffs' conclusory statements about harms and injuries are insufficient to establish that Spalluto has suffered injury in fact and will likely suffer future injury. Spalluto therefore does not have standing to pursue these claims.

> 3.   Access 4 All Has Failed To Satisfy The Requirements For Associational Standing.

Access 4 All also lacks standing because it can not establish that it has suffered an injury in fact. Federal courts have jurisdiction to resolve disputes only where the plaintiff asserts its own legal rights, and a plaintiff cannot rest its claim to relief on the legal rights or interests of

third parties. See Warth v. Seldin, 422 U.S. 490, 501 (1975). Although an association may pursue a claim on behalf of its members, it must satisfy the following three elements in order to qualify for associational standing: (1) at least one its members has standing to sue in its own right; (2) the interests at stake are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit. See United Food & Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 552-53 (1996). Here, the Complaint alleges that Spalluto is the only member of Access 4 All who has visited the Hotel.  There is no evidence that any other members of Access 4 All have been injured or are immediately threatened with injury or even that any other member has ever visited the Hotel. As explained above, the Complaint fails to establish that Spalluto has standing to bring this claim. Consequently, Access 4 All has not shown that at least one of its members has standing to sue in its own right and therefore it cannot pursue this claim on the basis of associational standing.

       4.    Access 4 All Does Not Have Standing To Pursue This Claim On Its Own.

Moreover, Access 4 All cannot pursue this claim on its own behalf because it has not suffered injury. Aside from alleging that it has been injured through Spalluto, Access 4 All merely alleges that it "has also been discriminated against because of its association with its disabled members and their claims." (Pls' Complaint, ¶ 11). This vague and unsupported allegation hardly satisfies the requirement that a party allege a "concrete and particularized injury" which is personal to the plaintiff.  An organization's purely ideological injury is insufficient to support standing to sue in its own right. See Clark v. Burger King Corp., 255 F. Supp. 2d at 344-45 (finding that an organization lacked standing to pursue any claims in its own right where the organization's ideological interest in preventing disability based discrimination

was an ideological injury insufficient to support standing to sue). In <u>Clark</u>, the court held that the organization did not suffer any concrete and demonstrable injury to its activities, even though it alleged that it had been forced to divert time, energy, effort or resources to combat discrimination by the defendants. <u>Id.</u> at 344. In fact, like Access 4 All, the organization in <u>Clark</u> appeared to be an organization whose primary purpose was ADA litigation, which the court concluded was a purely ideological injury insufficient to support standing to sue in its own right. <u>Id.</u> at 344-45.

Because neither Spalluto nor Access 4 All has alleged an injury in fact sufficient to establish standing to support their claim, the Court should dismiss Plaintiffs' Complaint in its entirety for lack of standing.

II.     <u>Plaintiffs' Claim Should Be Dismissed For Failure To State A Claim.</u>

Plaintiffs' claim should be dismissed for the additional reason that they have failed to establish a prima facie case of discrimination under Title III of the ADA. To recover under Title III, a plaintiff must first show that he comes within the protections of the ADA as a person with a disability. <u>See</u> 42 U.S.C. §§ 12102(2), 12188(a)(1). The first element of a prima facie case under Title III of the ADA is establishing plaintiff's disability. <u>See</u> <u>Dudley v. Hannaford Bros. Co.</u>, 333 F.3d 299, 307 (1st Cir. 2003). In order to qualify as disabled under the ADA, an individual must establish that he suffers from a physical or mental impairment that substantially limits a major life activity. <u>See, e.g.</u>, <u>Carroll v. Xerox Corp.</u>, 294 F.3d 231, 238 (1st Cir. 2002) (explaining that to qualify as an ADA disability, the impairment's impact must be severe and long-lasting). Here, Plaintiffs have failed to allege facts sufficient to establish that Spalluto qualifies as disabled, under the ADA. Plaintiffs merely allege that Spalluto is disabled, as that term is defined by the ADA, but they do not support their allegation with the necessary facts to

establish the nature of Spalluto's impairment and how it substantially limits a major life activity. (Pls' Complaint, ¶ 12). While a court reviewing a motion to dismiss will accept as true the factual allegations in a complaint, it is not proper to assume that a plaintiff can prove a fact that it has not alleged. See Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Here, by failing to allege how Spalluto is impaired, and how that impairment limits his life activities, the Court cannot assume that Plaintiffs can prove facts which they have not even alleged in the Complaint. Accordingly, Plaintiffs' Complaint should be dismissed for the fundamental reason that they have not alleged facts from which the Court could assume that Spalluto is disabled, and thereby Plaintiffs have failed to make out a prima facie case of discrimination.

III.    Plaintiffs Have Demonstrated A Lack Of Good Faith In Pursuing This Claim

Plaintiffs have demonstrated a lack of good faith in pursuing this claim. Fed. R. Civ. P. 11 requires that a party not bring an action for an improper purpose and imposes a duty to reasonably investigate facts. Here, Plaintiffs' lack of good faith is evidenced by the vague nature of their allegations, the lack of specificity in their allegations, and the way they make allegations that are plainly wrong. In particular, Plaintiffs accuse the Hotel of providing certain inaccessible amenities when such amenities do not even exist on Hotel property. In sum, Plaintiffs' Complaint, which is riddled with vague and factually incorrect allegations, reads like a form complaint.

Plaintiffs demonstrate their bad faith by complaining, in vague and ambiguous terms, of purported ADA violations, without giving the Hotel actual notice of those purported violations. For example, Plaintiffs allege that there are "recreational areas for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG."

(Pls' Complaint, ¶ 19). This allegation hardly gives the Hotel actual notice of how its "recreational areas" purportedly do not comply with the ADA. If Spalluto did in fact visit this Hotel, and was "injured" by his inability to access certain areas, he should identify those areas with specificity, particularly if Plaintiffs' genuine concern is putting the Hotel on notice of the violation and having it make necessary alterations to make its facility accessible. Similarly, Plaintiffs allege that "there is fixed or built in seating providing at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG." (Pls' Complaint, ¶ 19). Again, if Spalluto sought to access certain areas in the Hotel, and was "injured" by the presence of "fixed or built in seating," he should identify where the seating is located, so that the Hotel can investigate the allegation and make alterations, if necessary.

Plaintiffs' bad faith is also evidenced by the way they accuse the Hotel of violating the ADA with respect to amenities that do not even exist on the Hotel's premises. Plaintiffs allege that the Hotel's "fixed or built in seating" violates the ADA, yet the Hotel is unaware of any "fixed or built in seating" on its premises. (Pls' Complaint, ¶ 19). Plaintiffs also allege that the Hotel's ATM does not comply with the requirements of Sections 4.34 of the ADAAG, yet there is no ATM on the Hotel's premises. (Pls' Complaint, ¶ 19).

The vague nature of Plaintiffs' allegations, and their failure to identify the purported violations with any level of specificity indicate that they are not genuinely interested in seeking remedies for the purported ADA violations. Moreover, Plaintiffs made no effort to put the Hotel or the Massachusetts Architectural Access Board, which is authorized to address the accessibility of places of public accommodation, on notice of these purported violations before filing this action. Plaintiffs thereby prevented the Hotel from learning of the purported violations prior to instituting this action and thereby foreclosed the possibility of resolving this matter in an

expeditious, economical and non-litigious manner. The fact that Plaintiffs are currently involved in approximately 15 actions pending in the District of Massachusetts involving alleged violations of Title III of the ADA and have been plaintiffs in countless similar actions in other jurisdictions, and the fact that Plaintiffs have thus far made no effort to work cooperatively with the Hotel to identify, and remedy the purported violations which injured the Plaintiffs, indicates that they are less concerned with remedying purported violations than they are with merely engaging in massive amounts of ADA litigation. In sum, Plaintiffs' vague allegations and their failure to accurately identify the facilities and amenities on the Hotel's property evidence that Plaintiffs have made little effort to distinguish between and among the various defendants they have sued. In sum, the Plaintiffs conduct in pursuing this claim demonstrates a lack of good faith.

CONCLUSION

For the foregoing reasons, Defendant Mercury Huntington Corp. respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.


MERCURY HUNTINGTON CORP.


By its attorneys,

Barbara S. Hamelburg, BBO #218670
Sheila O'Leary, BBO #654920
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: December 29, 2004

FHBOSTON/1147551.2                - 11 -

## Certificate of Service

I, Sheila O'Leary, hereby certify that on December 29, 2004, I served a copy of the foregoing document by first class mail, postage prepaid, upon O. Oliver Wragg, Esq., FULLER, FULLER & ASSOCIATES, PA, 12000 Biscayne Blvd., Suite 609, North Miami, FL 33181

*Sheila O'Leary*

Sheila O'Leary