UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida not for profit corporation, and PETER SPALLUTO, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>MERCURY HUNTINGTON CORP., as Trustee of Colonnade Trust, a Massachusetts Nominee Trust, under Declaration, of Trust dated October 16, 1969, as amended,<br><br>Defendant. | CIVIL ACTION NO. 04-12239-RCL |

### ANSWER OF DEFENDANT MERCURY HUNTINGTON CORP. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Mercury Huntington Corp. ("Defendant," "Mercury" or the "Hotel"), by and through its attorneys, hereby answers the First Amended Complaint of Plaintiffs Access 4 All, Inc. ("Access 4 All") and Peter Spalluto ("Spalluto") (collectively referred to as "Plaintiffs") and asserts its affirmative defenses as follows:

### JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations contained in paragraph 1 of Plaintiffs' Complaint as they call for conclusions of law.

2. Defendant neither admits nor denies the allegations contained in paragraph 2 of Plaintiffs' Complaint insofar as they call for conclusions of law. To the extent that paragraph 2 contains allegations directed at Defendant, Defendant admits those allegations.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

B1138078.3

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.  Defendant admits the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.  Defendant neither admits nor denies the allegations contained in paragraph 6 of Plaintiffs' Complaint as they call for conclusions of law.

7.  (a) - (e) Defendant neither admits nor denies the allegations contained in paragraph 7 of Plaintiffs' Complaint as they call for statements and/or conclusions of law.

8.  (a) - (c) Defendant neither admits nor denies the allegations contained in paragraph 8 of Plaintiffs' Complaint as they call for statements and/or conclusions of law.

9.  Defendant neither admits nor denies the allegations contained in paragraph 9 of Plaintiffs' Complaint as they call for conclusions of law.

10. Defendant neither admits nor denies the allegations contained in paragraph 10 of Plaintiffs' Complaint as they call for statements and/or conclusions of law.

## THE PARTIES AND STANDING

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint, except to state that it is without knowledge or information sufficient to form a belief as to whether Plaintiff Access 4 All, Inc. is a Florida not for profit corporation, and who are the members of Access 4 All, Inc.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Peter Spalluto contained in paragraph 12. To the extent that paragraph 12 contains allegations directed at Defendant, those allegations are denied. Further answering, Defendant neither admits nor denies the allegations insofar as they call for conclusions of law.

13. Defendant denies that Plaintiff Spalluto has encountered architectural barriers and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant admits only that the Colonnade Hotel is located at 120 Huntington Avenue, Boston, Massachusetts 02116. As to all other allegations directed at Defendant, Defendant denies same. Further answering, Defendant neither admits nor denies the allegations contained in paragraph 16 of Plaintiffs' Complaint to the extent they call for conclusions of law.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint, except to state that Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Spalluto's desire to visit the Colonnade Hotel.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

### THE INSTANT CLAIM

20. Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

**Parking**

    a. Defendant denies the allegations contained in paragraph 20(a) of Plaintiffs' Complaint.

  b. Defendant denies the allegations contained in paragraph 20(b) of Plaintiffs' Complaint.

  c. Defendant denies the allegations contained in paragraph 20(c) of Plaintiffs' Complaint.

### Access to Goods and Services

  a. Defendant denies the allegations contained in paragraph 20(a) of Plaintiffs' Complaint.

  b. Defendant denies the allegations contained in paragraph 20(b) of Plaintiffs' Complaint.

  c. Defendant denies the allegations contained in paragraph 20(c) of Plaintiffs' Complaint.

### Restrooms

  a. Defendant denies the allegations contained in paragraph 20(a) of Plaintiffs' Complaint.

  b. Defendant denies the allegations contained in paragraph 20(b) of Plaintiffs' Complaint.

### Accessible Guest Rooms

  a. Defendant denies the allegations contained in paragraph 20(a) of Plaintiffs' Complaint.

  b. Defendant denies the allegations contained in paragraph 20(b) of Plaintiffs' Complaint.

  c. Defendant denies the allegations contained in paragraph 20(c) of Plaintiffs' Complaint.

- 5 -

  d. Defendant denies the allegations contained in paragraph 20(d) of Plaintiffs' Complaint.

  e. Defendant denies the allegations contained in paragraph 20(e) of Plaintiffs' Complaint.

  f. Defendant denies the allegations contained in paragraph 20(f) of Plaintiffs' Complaint.

  g. Defendant denies the allegations contained in paragraph 20(g) of Plaintiffs' Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendant neither admits nor denies the allegations contained in paragraph 22 of Plaintiffs' Complaint as they call for conclusions of law. To the extent that paragraph 22 contains allegations directed at Defendant, Defendant denies same.

23. Defendant neither admits nor denies the allegations contained in paragraph 23 of Plaintiffs' Complaint as they call for conclusions of law. Further answering, Defendant states that the document referenced speaks for itself.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint, except to state that it is without knowledge or information sufficient to form a belief as to whether Plaintiffs have retained undersigned counsel.

27. Defendant neither admits nor denies the allegations contained in the first sentence 27 of Plaintiffs' Complaint to the extent they call for statements and/or conclusions of law. To the extent that the first sentence of paragraph 27 contains allegations directed at Defendant, Defendant denies same. Defendant denies the allegations in the second sentence of paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendant neither admits nor denies the allegations contained in paragraph 29 of Plaintiffs' Complaint as they call for conclusions of law. To the extent that the allegations in paragraph 29 are directed at Defendant, Defendant denies same.

**Prayer for Relief**

Defendant denies the allegations in paragraphs (a), (b), (c) and (d) of Plaintiffs' prayer for relief.

WHEREFORE, Defendant respectfully requests that the First Amended Complaint be dismissed in its entirety, that it be awarded its attorneys' fees and costs and that the Court order such other relief which is just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications to a facility that are either not readily achievable, structurally impracticable, technically infeasible, or are not required.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications to a facility that would either create an undue hardship on Defendant, or that could threaten the health and safety of Plaintiffs or others.

FOURTH AFFIRMATIVE DEFENSE

Prior to the institution of this action, if there were any existing barriers pursuant to 28 C.F.R. § 36.304, which Defendant denies, Defendant had already implemented the removal of said barriers to the extent the removal of said barriers was readily achievable, and Plaintiffs are therefore not entitled to an injunction or attorney's fees.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications that would require Defendant to fundamentally alter the way it provides its goods and services or would result in an undue burden.

SIXTH AFFIRMATIVE DEFENSE

Defendant has at all time acted in good faith, in reasonable belief that its conduct is in compliance with the Americans with Disabilities Act.

SEVENTH AFFIRMATIVE DEFENSE

To the extent architectural barriers exist, which Defendant denies, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

EIGHTH AFFIRMATIVE DEFENSE

To the extent architectural barriers exist, which Defendant denies, they have already been remedied and/or removed and the issues are now moot and the facilities are compliant with the ADA and its implementing regulations.

NINTH AFFIRMATIVE DEFENSE

The subject property and all challenged accommodations allow disabled persons effective access and therefore do not violate the ADA.

MERCURY HUNTINGTON CORP.

By its attorneys,

s/ Sheila O'Leary
Barbara S. Hamelburg, BBO #218670
Sheila O'Leary, BBO #654920
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated: June 10, 2005

B1138078.3

- 8 -

- 9 -

## Certificate of Service

I, Sheila O'Leary, hereby certify that on this 10th day of June, 2005, I served a copy of the foregoing document electronically and by first class mail, postage prepaid, upon John Fuller, Esq., FULLER, FULLER & ASSOCIATES, PA, 12000 Biscayne Blvd., Suite 609, North Miami, FL 33181

_____
Sheila O'Leary